*Smakaj v. Garland*

BIA
Palmer, IJ
A209 223 882

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-four.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

ROBERT SMAKAJ,
> *Petitioner,*

v.                                                                          **22-6180**
                                                                             **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Michael P. DiRaimondo, Marialaina L. Masi, Stacy A. Huber, DiRaimondo & Masi, PC, Bohemia, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Christin M. Whitacre, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Robert Smakaj, a native and citizen of Albania, seeks review of a March 31, 2022 decision of the BIA affirming an October 31, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Robert Smakaj*, No. A 209 223 882 (B.I.A. Mar. 31, 2022), *aff'g* No. A 209 223 882 (Immigr. Ct. N.Y.C. Oct. 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because "the BIA affirmed the IJ's decision but did not reach the IJ's alternative finding, we review the IJ's decision as modified by the BIA." *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). We review legal conclusions de

2

novo and findings of fact for substantial evidence. *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.*

When, as here, an IJ denies a claim based solely on lack of corroboration, "the IJ must (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Pinel-Gomez v. Garland*, 52 F.4th 523, 529

3

(2d Cir. 2022) (internal quotation marks omitted). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D). The applicant has the "burden of introducing such evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quoting *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009)). The agency did not err in concluding that Smakaj failed to meet his burden because he did not provide reasonably available corroboration.

Smakaj alleged persecution by Socialist Party members because of his membership in the Democratic Party ("DP") of Albania. The IJ noted a "paucity of corroborating evidence" prior to Smakaj's testimony, expressing concern that Smakaj's brother in the United States did not provide a letter and that his father's letter from Albania did not document Smakaj's political activism. Certified Administrative R. at 126. Smakaj said his brother, who lived in Michigan and was an eyewitness to the attacks Smakaj alleged, did not provide a letter or attend his hearing because "he's working" and has "a young daughter" and Smakaj "didn't know" he needed a letter from him. *Id.* at 145, 156. His father's letter mentioned

4

incidents in 2009, but did not mention the attacks Smakaj allegedly suffered between 2013 and 2015 because, Smakaj opined, "possibly he didn't know he needed to." *Id.* at 144. Smakaj admitted that it was "possible" that he used the same documents as his brother, who was granted asylum and helped Smakaj prepare his case. *Id.* at 149. His mother and friends with knowledge of the attacks did not provide letters because Smakaj did not ask them; he explained that he did not know he needed them.

On this record, the agency did not err in concluding Smakaj failed to provide reasonably available corroboration because he was able to obtain other documentation from Albania, including his DP membership card. Further, his brother was in the United States and, at a minimum, could have provided a written statement. The IJ followed the proper procedures for corroboration, inquiring about each specific piece of evidence and evaluating Smakaj's explanations. *See Pinel-Gomez*, 52 F.4th at 529.

Smakaj argues that the IJ failed to give proper weight to his expert report from a professor of Balkan history, but that report did not independently corroborate Smakaj's claims and its general evidence of Albania's political situation conflicted with State Department reports. The weight afforded to

5

evidence "lies largely within the discretion of the [agency]" and the IJ reasonably gave the expert report limited weight. *Hui Lin Huang v. Holder*, 677 F.3d 130, 138 (2d Cir. 2012) (alteration in original) (quoting *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 342 (2d Cir. 2006)); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the agency identified reasonably available corroboration that could have been presented, and the remaining evidence did not reliably confirm Smakaj's political activities or past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Y.C.*, 741 F.3d at 334 (noting applicant's "failure to provide any corroborating evidence" of her own testimony in determining that there is "no 'solid support'" for her claim). That determination is dispositive because all three forms of relief were based on Smakaj's uncorroborated allegations that he was active in the DP and that he suffered past harm because of his political activities. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) ("Because [petitioner] fails to demonstrate the slight, though discernable, chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution

6

required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court